UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIN GAVIN BEST,<br><br>Petitioner,<br><br>v.<br><br>SAN JOAQUIN COUNTY SUPERIOR COURT,<br><br>Respondent. | No. 2:20-cv-01896-CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state inmate proceeding pro se in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. The court has reviewed the habeas petition as required by Rule 4 of the Rules Governing Section 2254 Cases and recommends that petitioner's claims be summarily dismissed without prejudice.

**I.      Factual and Procedural History**

The instant habeas corpus application challenges petitioner's 2020 conviction for violating California Penal Code § 4573.6(A) following his no contest plea in the San Joaquin County Superior Court. ECF No. 1 at 1. In his first claim for relief, petitioner contends that he was entrapped into possessing drugs because they were delivered to his cell. ECF No. 1 at 6. In his second claim for relief, petitioner alleges "sexual harassment/sexual battery" against him by Sergeant Willox. Petitioner further indicates that he is currently waiting on his lawyer to complete his appeal and that he is "in the process of" exhausting his state court remedies. ECF

1

No. 1 at 6. As a remedy, petitioner requests that the criminal charges against him be dropped, that he be awarded compensatory and punitive damages, and that Sergeant Willox be fired. ECF No. 1 at 16.

## II.     Legal Standards

Federal law requires any habeas claim to be presented first to the state courts in order to correct any constitutional error. See 28 U.S.C. § 2254(b)(1)(A); see also Rose v. Lundy, 455 U.S. 509, 515-16 (1982)(explaining why federal habeas petitioners must exhaust claim by giving state courts the first opportunity to correct constitutional error); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (explaining that exhaustion requires the completion of "one complete round" of state court review). Exhaustion of state court remedies requires "full and fair presentation" of the federal constitutional issue to the state's highest court. See Picard v. Connor, 404 U.S. 270, 275 (1971). A federal court must dismiss a federal habeas petition that contains any unexhausted claim for relief. See Rhines v. Weber, 544 U.S. 269, 273 (2005).

## III.     Analysis

As it plainly appears from the face of the habeas application that petitioner is not entitled to relief, the undersigned recommends that the petition be summarily dismissed without prejudice. See Rule 4, Rules Governing Section 2254 Cases. Petitioner's first claim for relief which challenges his criminal conviction has admittedly not been presented to the California Supreme Court. ECF No. 1 at 6. In fact, it has yet to be reviewed by the California Court of Appeal. ECF No. 1 at 6. Therefore, the claim is unexhausted. The undersigned recommends dismissing this claim for failing to exhaust state court remedies.

As claim two does not relate to petitioner's state court conviction, it is not cognizable in this habeas corpus action.[1] A petitioner may seek federal habeas relief from a state-court conviction or sentence "only on the ground that he is in custody in violation of the Constitution or

---

[1] The court takes judicial notice that petitioner has raised this same claim in a civil rights action filed pursuant to 42 U.S.C. § 1983 that is still pending in this judicial district. See Best v. Willox, Case No. 2:20-cv-01897-JAM-DMC (E.D. Cal.). A civil rights action pursuant to 42 U.S.C. § 1983 is the proper remedy for challenging a prisoner's conditions of confinement that do not affect the fact or duration of the confinement itself. See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).

2

laws or treaties of the United States." 28 U.S.C. § 2254(a). The undersigned recommends that claim two be dismissed because it is not cognizable in this federal habeas action.

### IV.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your federal habeas petition and has concluded that you failed to properly exhaust your state court remedies for claim one. No relief is available for claim two in a habeas corpus action because it does not challenge your criminal conviction. As a result, the court is not requiring the respondent to file an answer on the merits of your claims. Instead, the undersigned is recommending that your federal habeas petition be dismissed without prejudice and your case closed.

If you disagree with this outcome, you may file a written explanation why it is not correct within 14 days from the date of this decision. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district court judge assigned to your case will review these Findings and Recommendations along with any objections that are filed and make the final decision in your case.

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's motion to proceed in forma pauperis (ECF No. 5) is granted.

2.  The Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be summarily dismissed without prejudice for the reasons explained herein.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district

court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 19, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/best1896.f&r.exhaust.docx